

# THE ATTORNEY GENERAL
# OF TEXAS

WAGGONER CARR
ATTORNEY GENERAL

AUSTIN 11, TEXAS

December 29, 1964

Honorable Jules Damiani, Jr.
Criminal District Attorney
Courthouse
Galveston, Texas

Dear Mr. Damiani:

Opinion No. C-368

Re: Whether the Galveston County
Commissioners Court is
authorized to promulgate
regulations for traffic control
on public beaches in Galveston
County.

In a recent opinion request of this office you stated that the Galveston County Commissioners Court desires to enact certain regulations pertaining to the area between the mean low tide and the line of vegetation along the Galveston beaches. It was stated that the proposed regulations would provide in substance as follows:

1. The zoning of designated areas for non-vehicular traffic in accordance with findings of safety and welfare of those who use the beaches;

2. The promulgation of a regulation which would prescribe a civil penalty not to exceed the payment of $200.00 should anyone within such an area deposit litter upon the sand within a 200 foot distance of any receptacle placed by the county or city for the deposit of litter unless such litter is placed within a receptacle in the possession of such persons using the beach.

With regard to the proposed regulations as outlined above, you requested an opinion from this office on the following questions:

1. Is Section 8, Article 5415d, Vernon's Texas Statutes, constitutional?

2. Are the proposed regulations to be enacted by the County Commissioners Court legal and proper?

3. Would the constables and sheriff of Galveston County be authorized to cite, instanter, persons who have

violated said proposed regulations, with said citation requiring such persons to appear and answer for the violation of said regulation?

4. Would the District Attorney of Galveston County be authorized to prosecute the collection of civil penalties for violation of the proposed regulations?

5. In which court would jurisdiction lie to enforce the provisions of the regulation and the collection of such civil penalties as may be prescribed?

Article 9, Section 1(a) of the Constitution of Texas, approved by the Texas Electorate on November 6, 1962, provides as follows:

"The Legislature may authorize the governing body of any county bordering on the Gulf of Mexico or the tidewater limits thereof to regulate and restrict speed, parking and travel of motor vehicles on beaches available to the public by virtue of public right and the littering of such beaches.

"Nothing in this amendment shall increase the rights of any riparian or littoral landowner with regard to beaches available to the public by virtue of public right or submerged lands.

"The Legislature may enact any laws not inconsistent with this Section which it may deem necessary to permit said counties to implement, enforce and administer the provisions contained herein.

"Should the Legislature enact legislation in anticipation of the adoption of this amendment, such legislation shall not be invalid by reason of its anticipatory character."

Section 8, Article 5415d, Vernon's Texas Statutes provides, in part, as follows:

"The Commissioners Court of any county shall have, and is hereby granted, the authority to regulate motor vehicular traffic and the littering of such state-

owned beaches, or such larger area, extending from
the line of mean low tide to the line of vegetation
bordering on the Gulf of Mexico, in the event the
public has acquired a right of use or easement to or
over such area by prescription, dedication, or has
retained a right by virtue of continuous right in the
public, within the limits of said county. Such regu-
lations may include the speed of motor vehicles in
accordance with existing state laws and rules or
regulations promulgated by the Texas Highway Com-
mission, and the zoning of designated areas for non-
vehicular traffic. The Commissioners Court may
declare the violation of such regulations to be and
the same shall be considered as a violation of this
Act, and the Commissioners Court may prescribe
civil penalties therefor not to exceed a penalty in
payment of two hundred dollars in money."

It is obvious from reading Article 5415d, Section 8, that it constitutes
a delegation of power by the Legislature to the Commissioners Courts of
various counties. The question for determination is whether or not this is
a constitutional delegation of power. Article 2, Section 1 of the Constitution
of the State of Texas provides as follows:

"The powers of the government of the State
of Texas shall be divided into three distinct
departments, each of which shall be confided to a
separate body of magistracy, to wit: Those which
are Legislative to one; those which are Executive to
another, and those which are Judicial to another; and
no person, or collection of persons, being of one of
these departments, shall exercise any power properly
attached to either of the others, except in the instances
herein expressly permitted." (Emphasis added)

Article 5, Section 18 of the Constitution of Texas provides, in part, as
follows:

" . . . The County Commissioners so chosen,
with the County Judge as presiding officer, shall
compose the County Commissioners Court, which
shall exercise such powers and jurisdiction over
all county business, as is conferred by this Consti-

tution and the laws of the state, or as may be
hereinafter prescribed." (Emphasis added)

Since the Constitution [Article 9, Section 1(a)] specifically authorizes
the Legislature to enable the governing body of certain counties to regulate
the speed of motor vehicles and the littering on beaches available to the
public, it is the opinion of this office that Article 5415d, Section 8, is a
constitutional delegation of power. This is particularly true in view of
Articles 2 and 5 of the Constitution quoted above.

The next question presented is whether or not the proposed regulations
as outlined by you would so conform to Article 5415d, Section 8, that they
would be legal and proper. In view of that portion of Article 5415d, Section 8,
which provides that the County Commissioners Court shall have authority to
zone certain designated areas of the beach for non-vehicular traffic, it is the
opinion of this office that the proposed regulations as outlined by you per-
taining to zoning designated areas for non-vehicular traffic would be valid.
In this connection, we call attention to the fact that Section 1 of Article 5415d
states:

> "It is hereby declared and affirmed to be
> the public policy of this state that the public,
> individually and collectively, shall have the
> free and unrestricted right of ingress and egress
> to and from the state-owned beaches . . . or such
> larger area . . ." (of public easement beaches).

This overriding purpose of the Act is given emphasis in the emergency
clause of the Act wherein it is recited "that through long years of custom
and usage, the people of Texas have acquired prescriptive rights to free
and unrestricted use of such beaches; and there is an urgent and imperative
need to affirm the public policy of this state in regard to the right of the
public to the free and unrestricted use and enjoyment of the state beaches
. . ."

We believe these declarations of legislative policy should be taken into
consideration in arriving at the proper interpretation of Section 8, granting
to the Commissioners Court "authority to regulate motor vehicular
traffic . . . (which) regulations may include the speed of motor vehicles . . .
and the zoning of designated areas for non-vehicular traffic." It is evident
that any traffic regulations by the Commissioners Court, to be valid,
should be in keeping with the declared legislative policy of keeping the
public easement beaches open, and should bear a direct causal relation-

ship to the facilitation of the free and unrestricted right of ingress and egress to and from the state-owned beaches.

Although Article 5415d, Section 8, is not specific in outlining the type of regulations which the Commissioners Courts may prescribe with regard to the littering of such state-owned beaches, it should be pointed out that the penalties outlined in Section 8 are civil in nature and not criminal. Since the civil penalties as proposed by the suggested regulations are for a violation of a civil regulation and not a criminal act, it is the opinion of this office that the proposed regulations are specific and definite enough to fall within the general outlines of Section 8 and this office is, therefore, of the opinion that the two proposed regulations as outlined by you, if passed by the Commissioners Court of Galveston County, would be valid.

Since the penalties prescribed by Article 5415d, Section 8, and those penalties outlined in the proposed regulations to be enacted by the Commissioners Court of Galveston County are civil in nature rather than criminal, we are aware of no authority which would authorize the constables and/or sheriff of Galveston County to cite, instanter, persons who have violated the proposed regulations if they are adopted. It is assumed that your question of whether or not they would be authorized to "cite, instanter" is directed to whether or not these officers would have the authority to arrest persons violating the proposed regulations. Article 212, Texas Code of Criminal Procedure, provides as follows:

> "A peace officer or any other person, may, without warrant, arrest an offender when the offense is committed in his presence or within his view, if the offense is one classed as a felony, or as an 'offense against the public peace'."

Article 213, Texas Code of Criminal Procedure, provides as follows:

> "A peace officer may arrest, without warrant, when the felony or breach of peace has been committed in the presence or within the view of a magistrate, and such magistrate verbally orders the arrest of the offender."

It is, of course, obvious that these statutes provide for the arrest without warrant of a person only when said person has committed an offense such as is enumerated in the statutes.

Article 3, Texas Penal Code, provides as follows:

> "In order that the system of penal law in force in this state may be complete within itself, and that no system of foreign laws, written or unwritten, may be appealed to, it is declared that no person shall be punished for any act or omission, unless the same is made a penal offense, and a penalty is affixed thereto by the written law of this state."

In view of the fact that a violation of the proposed regulations as outlined by you would not be a violation of the penal law of the State of Texas, and in view of the fact that to arrest without warrant must be predicated on one of the violations as outlined in Articles 212 and 213 above, it is the opinion of this office that the sheriff and constables of Galveston County would not have the authority to cite, instanter, persons who violate the proposed regulations.

In the event that the proposed regulations outlined by you are adopted by the County Commissioners Court of Galveston County, it is the opinion of this office that it would be the duty of the Criminal District Attorney of Galveston County to effect the enforcement of the proposed regulations. Article 5415d, Section 8, authorizes the Commissioners Court to enact such regulations and to prescribe a civil penalty therefor. Since any violation of such a proposed regulation would be a violation of a county enacted regulation, it would be the duty of the person charged with the responsibility of representing the county in civil matters to prosecute the litigation. Article 326k-28, Section 3, Vernon's Civil Statutes, provides, among other things, that it is the duty of the Criminal District Attorney of Galveston County, or his assistants, to represent Galveston County in all matters pending before the courts of that county, and in any other court where Galveston County has pending business of any kind. It is the opinion of this office, therefore, that in the event that an attempt is made to collect a civil penalty for violation of the proposed regulations, if same are adopted, it would be the duty of the Criminal District Attorney of Galveston County to prosecute said civil litigation on behalf of Galveston County.

Article 5, Section 19, of the Texas Constitution provides, in part, as follows:

> "Justices of the peace shall have jurisdiction in criminal matters of all cases where the penalty

or fine to be imposed by law may not be more than two hundred dollars, and in civil matters of all cases where the amount in controversy is two hundred dollars or less, exclusive of interest, of which exclusive original jurisdiction is not given to the District or County Courts; . . . ."

Article 2385 of Vernon's Texas Civil Statutes provides as follows:

"Justice courts shall, in addition to their other powers and duties, have and exercise the original jurisdiction in civil matters of all cases where the amount in controversy is two hundred dollars or less, exclusive of interest, of which exclusive original jurisdiction is not given to the District or County Courts, . . . ."

Since corporation courts have jurisdiction only of criminal cases (Article 1195, Vernon's Texas Statutes), it is the opinion of this office that the appropriate justice court would have jurisdiction of a case arising under the proposed ordinances if adopted by the Commissioners Court of Galveston County, Texas.

### SUMMARY

Article 5415d, Section 8, Vernon's Texas Civil Statutes, is constitutional. The proposed regulations set out previously in this opinion are legal. The constables and sheriff of Galveston County, Texas would not be authorized to cite, instanter, persons who have violated said regulations if they are adopted. The District Attorney of Galveston County, Texas, would be authorized to prosecute the collection of civil penalties for violations of the regulations if they are adopted. The appropriate justice of the peace court would have jurisdiction over a lawsuit brought as a result of a violation of one of the regulations.

Very truly yours,

WAGGONER CARR
Attorney General

By _Sam L. Kelley_
Sam L. Kelley
Assistant

SLK:sss

-1748-

APPROVED:

OPINION COMMITTEE:
W. V. Geppert, Chairman
J. Arthur Sandlin
George Black
Kerns Taylor
Robert Owen

APPROVED FOR THE ATTORNEY GENERAL
BY: Stanton Stone